IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
AT JACKSON

_____

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| | ) | |
| **ISSAC LYDELL HERRON**, | ) | Lauderdale Circuit Court |
| | ) | No. 4720 |
| Plaintiff/Appellant. | ) | |
| | ) | C.A. No. 02A01-9706-CV-00117 |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER, JUDGE |
| **ELIZABETH T. RICE, et al**, | ) | |
| | ) | **AFFIRMED AND REMANDED** |
| | ) | |
| Defendants/Appellees. | ) | OPINION FILED: |
| | ) | |

**Issac Lydell Herron**, Pro Se

**John Knox Walkup**, Attorney General & Reporter
**Abigail Turner**, Assistant Attorney General
for Defendants/Appellees Elizabeth T. Rice and Jimmy Harrison

_____

**MEMORANDUM OPINION**[1]
_____

**FARMER, J.**

Issac Lydell Herron appeals from the trial court's order dismissing his petition for a writ of mandamus. The complaint alleges that Mr. Herron is the president and incorporator of the Church of God at Cold Creek, Inc., a Tennessee corporation. Jimmy Harrison is the warden of Cold Creek Correctional Facility (CCCF) and Elizabeth T. Rice is the District Attorney General of the 25th Judicial District. Although not specifically stated in the complaint, it is apparent from the exhibits to the complaint that Mr. Herron is incarcerated at CCCF.

The complaint alleges that defendant Rice refused Herron's[2] request to criminally prosecute defendant Harrison for failure to comply with §§ 48-51-201; 48-53-101 and 48-53-

_____

[1]**Rule 10(Court of Appeals). Memorandum Opinion.** -- (b) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]The corporation is not a party to this action.

1

102(18)(19) of the Tennessee Code Annotated. Apparently the corporation over which Herron presides sought and was refused permission from Warden Harrison to operate certain business ventures within the penal institution. Although not specified, it would appear from exhibits to the complaint that one of these ventures included the operation of a popcorn popper.

The statutes under which Mr. Herron requested General Rice prosecute Warden Harrison are not criminal statutes. T.C.A. § 48-51-201 contains definitions pertaining to nonprofit corporations. Section 48-53-101 pertains to the purpose of corporations and § 48-53-102(18)-(19) allows a corporation to carry on business and do all things necessary or convenient, not inconsistent with law, to further its activities and affairs.

Even if Herron sought to require General Rice to prosecute Warden Harrison, for violation of criminal statutes, prosecutors have a great deal of discretion in determining whether to pursue criminal charges. *See United States v. Davis*, 15 F.3d 526 (6th Cir. 1994). Mandamus against a public official will lie only to require performance of a ministerial nondiscretionary act of the official. *State ex rel. Cole v. Francisco*, 643 S.W.2d 105 (Tenn. 1982). The writ is used to compel an official to perform an act which he has a legal duty to perform and will not lie to control official judgment or discretion. *State ex rel. Byram v. City of Brentwood*, 833 S.W.2d 500, 505 (Tenn. App. 1991) *perm. app. denied* (1992).

The complaint also alleges that Harrison utilized Department of Correction administrative policies and procedures to deprive plaintiff of the statutory powers granted the corporation. It was clearly not the legislative intent in passing statutes governing corporations, and vesting them with certain powers, to allow an inmate to create a corporation and thus circumvent policies and procedures of the Department.

The complaint further seeks to recover damages, presumably from both defendants, for withholding the rights guaranteed to him under the aforementioned corporate statutes. State officers and employees are absolutely immune from liability for acts or omissions within the scope of their office or employment, except for willful, malicious or criminal acts or for acts or omissions

2

done for personal gain. T.C.A. § 9-8-307(h). There are no allegations of willful, malicious or criminal acts or omissions or for acts or omissions done for personal gain. State employee includes one who is employed in the service of and whose compensation is payable by the state. T.C.A. § 8-42-101(3)(A). The complaint further alleges that defendant Rice, by her failure to criminally prosecute Warden Harrison, violated Mr. Herron's rights under the First and Fourteenth Amendments to the Constitution of the United States and Article I § 3 and 8 and Article XI § 8 of the Constitution of the State of Tennessee. We, like the trial court, fail to see how the failure of the District Attorney General to accede to Mr. Herron's request to criminally prosecute Warden Harrison constitutes a violation of any of the aforementioned constitutional guarantees.

We affirm the trial court's order of dismissal and tax the costs of this appeal to Issac Lydell Herron, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

3